FILED

JAN 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WAYNE SCHULTE,

   Plaintiff - Appellant,

 v.

CITY OF LOS ANGELES; JAIME
MEJIA; GERALD HOLTZ,

   Defendants - Appellees.

No. 08-56056

D.C. No. 2:07-cv-03431-JFW-JTL

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted December 8, 2009
Pasadena, California

Before: PREGERSON, NOONAN and PAEZ, Circuit Judges.

 Plaintiff-Appellant Wayne Schulte appeals the district court's grant of

summary judgment to Defendants-Appellees Jamie Mejia ("Mejia"), Gerald Holtz

("Holtz") and the City of Los Angeles ("City") in this 42 U.S.C. § 1983 action.

We review de novo a district court's grant of summary judgment. *Nolan v. Heald*

---

  &ast; This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Coll.*, 551 F.3d 1148, 1153 (9th Cir. 2009). We have jurisdiction over the district court's final judgment under 28 U.S.C. § 1291, and we affirm.

In analyzing Schulte's § 1983 claims against Mejia and Holtz, we employ the familiar analysis mandated by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001), namely to determine whether (a) the facts that the plaintiff has alleged make out a constitutional violation, and (b) if so, whether the constitutional right at issue was clearly established at the time of the violation. *Id.* at 201. Under *Pearson v. Callahan*, 555 U.S. ----, 129 S.Ct. 808 (2009), we are "permitted to exercise [our] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818.

We agree with the district court that, under the circumstances, Mejia and Holtz could have reasonably believed in light of all the circumstances that they confronted that their conduct did not violate the Constitution. *See Saucier*, 533 U.S. at 202 ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."). The officers are thus entitled to qualified immunity, and we need not address whether Schulte has

alleged sufficient facts to make out a violation of his Fourth Amendment rights. Thus, we affirm the district court's grant of summary judgment to the officers.

Turning to Schulte's claims under *Monell* that the City maintained unconstitutional policies and customs and failed to properly train, supervise or discipline its employees, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), we affirm the district court's grant of summary judgment. The only evidence that Schulte presented demonstrating the City's customs or policies with respect to warrantless entries was Mejia's testimony that he was acting pursuant to his LAPD training when he entered Schulte's home. Even if such evidence were sufficient to demonstrate that Mejia did not receive proper training, evidence of a single officer's training is insufficient to create a genuine issue of fact as to the *Monell* liability of a municipality. *Alexander v. City and County of San Francisco*, 29 F.3d 1355, 1368 (9th Cir. 1994).

**AFFIRMED.**